IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM CURTIS,** | : | |
| Plaintiff, | : | **CIVIL ACTION** |
| | : | **No. 14-786** |
| v. | : | |
| | : | |
| **JOHN WETZEL,** *et al.*, | : | |
| Defendants. | : | |

## ORDER

**AND NOW**, this **12th** day of **June 2023**, it is **ORDERED** that:

1. Plaintiff William Curtis' *pro se* Motion to Submit Relevant Evidence (ECF 207) and his Motion to Submit Relevant Evidence Pertaining to Summary Judgment Pursuant to Federal Rule of Evidence 401 (ECF 211) are **GRANTED** and the Court considers the documents attached to these motions in conjunction with Plaintiff's Motion for Summary Judgment (ECF 210), which the Court liberally construes as his Response to the Commonwealth Defendants' Motion to Dismiss and Motion for Summary Judgment (ECF 194);[1]

2. The Clerk of Court shall amend the docket to appropriately reflect that the document at ECF 210 is Plaintiff's Response to Defendants' motion at ECF 194;

---

[1] Ultimately, self-represented litigants like Curtis "must abide by the same rules that apply to all other litigants." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). The Court previously directed him to attach any exhibits to his response to Defendants' pending motion to dismiss and for summary judgment. (*See* ECF 166, 202, 206.) Curtis' response to the motion was docketed on September 14, 2022. (ECF 210.) The Court considers the documents he separately filed on July 20, 2022 and September 15, 2022 only because of the "understanding that a court must make reasonable allowances to protect *pro se* litigants from the inadvertent forfeiture of important rights due merely to their lack of legal training." *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019).

3. Plaintiff's Motion for an Order Compelling Discovery Pursuant to Federal Rule of Civil Procedure 37 (ECF 208) and his Second Motion for Defendants to Provide Requests for Production of Documents Pursuant to Federal Rules of Civil Procedure 37 (ECF 209) are **DENIED** as moot;[2]

4. The document filed at ECF 212 shall be **STRICKEN** from the docket;[3]

5. Dr. Laurel R. Harry, now the DOC's Acting Secretary, is automatically **SUBSTITUTED** as the relevant defendant for purposes of Curtis' official capacity claims against the Secretary of Corrections under Federal Rule of Civil Procedure 25(d);

6. Current Deputy Secretary of the Eastern Region Tammy Ferguson is automatically **SUBSTITUTED** as the relevant defendant for purposes of Curtis' official capacity claims against the Deputy Secretary pursuant to Rule 25(d),

7. Curtis's Motion to Amend the Caption (ECF 223) is **DISMISSED** as **MOOT**; and

8. Defendants' Motion to Dismiss and Motion for Summary Judgment (ECF 194) is **GRANTED** as follows:

    a. Curtis' remaining official capacity claims for equitable relief against Defendants Lane, Olinger, Bolton, Regan, Birmingham, Brannen, and Kelly, the Acting Secretary and Deputy Secretary of the DOC are **DISMISSED** as **MOOT**; and

---

[2] The discovery Curtis seeks to compel would be futile given the Court's ruling on Defendants' Motion to Dismiss and Motion for Summary Judgment. (ECF 194.)

[3] This filing includes allegations that Curtis was deprived of his personal property while at SCI Coal Township and is not relevant to his claims in this action.

    b.    **JUDGMENT IS ENTERED** in favor of Defendants Wetzel and Klopotoski and against Curtis with respect to Curtis' First, Fifth, and Fourteenth Amendment damages claims.

The Clerk of Court shall mark this case **CLOSED**.

                                               **BY THE COURT:**

                                             **Berle M. Schiller, J.**