IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM CURTIS, | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | No. 14-786 |
| v. | : | |
| | : | |
| JOHN WETZEL, et al., | : | |
|     Defendants. | : | |

## MEMORANDUM

**Schiller, J.**                                                                                             October 3, 2023

William Curtis moves for relief from the Court's June 12, 2023 judgment against him under Federal Rule of Civil Procedure 60. The Court denies his motion (ECF 228) for the following reasons.

### I.   BACKGROUND

Curtis, who is self-represented, is serving a life sentence without possibility of parole for a murder conviction. He claims Defendants, fourteen Pennsylvania Department of Corrections ("DOC") employees and officials, violated his constitutional rights and various state laws while he was an inmate at SCI Graterford in 2012 by placing him in the Restricted Housing Unit for his refusal to sign a form required to receive sex offender treatment. *See Curtis v. Wetzel*, No. 14-786, 2023 WL 3983789, at *1 (E.D. Pa. June 12, 2023) (*See also* ECF 226 and 227 (Memorandum and Order).) The factual background and procedural history relevant to Curtis' claims are largely set forth in the Court's prior opinion.

In June, the Court dismissed Curtis' official capacity claims for equitable relief against Defendants Lane, Olinger, Bolton, Regan, Birmingham, Brannen, Kelly, and the Acting Secretary and Deputy Secretary of the DOC as moot. *Curtis*, 2023 WL 3983789, at *6-7. The Court also granted judgment in favor of Defendants Wetzel and Klopotoski with respect to Curtis' First, Fifth

and Fourteenth Amendment damages claims based on the doctrine of qualified immunity because he had "not shown any reason why the same qualified immunity analysis that barred his damages claims against the other Defendants should not apply to bar his damages claims against" them. *Id.* at \*7.

Curtis filed his motion seeking relief under Rule 60 on July 13 (ECF 228) and, on August 7, appealed from the Court's June 12 Order. (ECF 231.) The Third Circuit stayed his appeal pending resolution of his Rule 60 motion. (*See* ECF 235.)

**II.  DISCUSSION**

Federal Rule of Civil Procedure 60(b) permits the Court to relieve a party from a final judgment for, *inter alia*, mistake, excusable neglect, newly discovered evidence, fraud, misconduct, or any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)-(6). Nevertheless, Curtis does not make clear why he thinks relief from the Court's final judgment is appropriate and, upon review of his Motion, the Court finds that it is not.

Curtis' motion includes a section where he asks "to submit relevant evidence" pursuant to Federal Rule of Evidence 401. (ECF 228 at ECF p. 19.) But he makes no effort to explain how any of the documents he has attached are "newly discovered" or why, "with reasonable diligence," they "could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). One is a page of a document filed in a separate case and signed by Andrea Brannen in March 2016 which states that the DOC "held a hearing to determine if Curtis should be required to attend [Sex Offender Programming] since it was discovered . . . he did not have a conviction for aggravated indecent assault." (ECF 228 at ECF p. 8.) This is not new evidence. The Court's prior decision explicitly referenced Brannen's discovery of the inaccuracy in Curtis' "Integrated Case Summary" and his subsequent Renchenski hearing. *Curtis*, 2023 WL 3983789, at \*3. Another is a

2012 Misconduct Report detailing Curtis' refusal to sign the form required to participate in Sex Offender Programming, a misconduct that the Court already considered. *Id.* Curtis also attaches an affidavit dated April 10, 2007, evidence that is not "new" and for which he provides no explanation about why or how it should change the Court's prior determination. (ECF 228 at ECF p. 13.) Yet another is an Initial Review Response for a Grievance Curtis made in 2021, long after this case was filed, but before the Court rendered its final judgment. (ECF 228 at ECF p. 17.) It contains no information that the Court has not already considered about the circumstances of Curtis' referral to and refusal to participate in Sex Offender Programming. (*Id.*) An attached May 13, 2022 inmate grievance merely reiterates Curtis' complaints about his referral to the Sex Offender Program since he had "never plead[ed] guilty or been convicted of a sexual offense." (ECF 228 at ECF p. 18.) Another is an October 5, 2020 letter Curtis wrote to the Office of Population Management in which he asks "to be released to Phoenix Population." (ECF 228 at ECF p. 25-31.) But Curtis does not explain why he was not previously able to supply this document and the information it contains is not new. The Court already considered the circumstances of Curtis' placement between 2019 and 2021. *Curtis*, 2023 WL 3983789, at *4. Curtis has not shown that Rule 60(b)(2) requires relief from the Court's judgment.

Nor has Curtis shown that relief is required under Rule 60(b)'s "catchall provision." *Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 273 (3d Cir. 2002). Rule 60(b)(6) requires the movant to show "extraordinary circumstances," such that "without relief from the judgment, an extreme and unexpected hardship will result." *Budget Blinds, Inc. v. White*, 536 F.3d 244, 251, 255 (3d Cir. 2008) (quotations omitted). Whether to grant or deny a motion for relief under Rule 60(b)(6) is an equitable matter left to the district court's discretion and Curtis, as the movant, "bears the burden of establishing entitlement to such equitable relief . . . ." *Cox v. Horn*, 757 F.3d 113, 122 (3d Cir.

2014). He has not done so. Rather, instead of presenting extraordinary circumstances that might entitle him to relief, Curtis' Motion reflects only his disagreement with the Court's prior decision that his remaining claims for equitable relief were moot and that his remaining claims for damages were barred by the doctrine of qualified immunity.

An Order consistent with this Memorandum will be docketed separately.